1   Rosemary M. Rivas (State Bar No. 209147)
    Email: rrivas@zlk.com
2   **LEVI & KORSINSKY, LLP**
    44 Montgomery Street, Suite 650
3   San Francisco, California 94104
    Telephone: (415) 291-2420
4   Facsimile: (415) 484-1294

5   Counsel for Individual and Representative
    Plaintiff Daniel Greenberg
6

7

8                  **UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11  DANIEL GREENBERG, on behalf of himself      Case No. 5:17-cv-4345
    and all others similarly situated,
12                                               **CLASS ACTION COMPLAINT FOR**
            Plaintiff,                           **VIOLATION OF THE FEDERAL**
13                                               **SECURITIES LAWS**
    v.
14                                               **JURY TRIAL DEMANDED**
    WEST MARINE, INC., MATTHEW L. HYDE,
15  BARBARA L. RAMBO, RANDOLPH K.
    REPASS, ALICE M. RICHTER, DENNIS F.
16  MADSEN, CHRISTIANA SHI, JAMES F.
    NORDSTROM, JR., and ROBERT D. OLSEN,
17
            Defendants.
18

19         Plaintiff Daniel Greenberg ("Plaintiff"), by his undersigned attorneys, alleges the following on

20  information and belief, except as to the allegations specifically pertaining to Plaintiff, which are based

21  on personal knowledge.

22                     **NATURE AND SUMMARY OF THE ACTION**

23         1.      Plaintiff brings this action as a public stockholder of West Marine, Inc. ("West

24  Marine" or the "Company"), on behalf of himself and the class of public stockholders of West

25  Marine, against the members of West Marine's Board of Directors (the "Board" or the "Individual

26  Defendants") and West Marine for their violations of Sections 14(a) and 20(a), and Rules 14a-9,

27  17 C.F.R. 240.14a-9, 17 C.F.R. § 244.100, and 17 C.F.R. § 229.1015(b)(4) promulgated thereunder

28  by the U.S. Securities and Exchange Commission (the "SEC").  Specifically, Defendants solicit

stockholder approval of the sale of the Company to entities affiliated with Monomoy Capital Partners ("Monomoy"), a New York-based private equity fund (the "Proposed Transaction") through a proxy statement that omits to state material facts necessary to make the statements therein not false or misleading.  Stockholders need this material information to decide whether to vote in favor of the Proposed Transaction or pursue their appraisal rights.

2.      On June 29, 2017, the Company announced that it had entered into a definitive agreement (the "Merger Agreement") by which Monomoy, through its affiliates Rising Tide Parent, Inc. ("Parent") and Rising Tide Merger Sub, Inc. ("Merger Sub"), would acquire West Marine through a long-form merger to acquire all of the outstanding shares of West Marine for $12.97 per share in cash (the "Proposed Transaction").  The Proposed Transaction has an equity value of approximately $338 million.

3.      On July 24, 2017, the Company filed a Preliminary Proxy on Schedule 14A (the "Proxy") with the SEC.  The Proxy is materially deficient and misleading because, *inter alia*, it fails to disclose material information regarding the financial projections prepared by Company management relied upon by the Company's financial advisor.  Without all material information West Marine stockholders cannot make an informed decision to exchange their shares in the upcoming stockholder vote.  The failure to disclose such material information misleads stockholders and constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act, as stockholders need such information in order to make a fully-informed decision regarding voting their shares in connection with the Proposed Transaction.

4.      For these reasons and as set forth in detail herein, the Individual Defendants have violated federal securities laws.  Accordingly, Plaintiff seeks to enjoin the Proposed Transaction or, in the event the Proposed Transaction is consummated, recover damages resulting from the Individual Defendants' violations of these laws.  Judicial intervention is warranted here to rectify existing and future irreparable harm to the Company's stockholders.

**JURISDICTION AND VENUE**

5.      The claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act, 15 U.S.C. § 78aa.  The Court has subject matter jurisdiction pursuant to Section 27 of the Exchange

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).   This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6.      The Court has personal jurisdiction over all of the Defendants because each is either a corporation that conducts business in and maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as pursuant to 28 U.S.C. § 1391, because: (i) the conduct at issue took place and had an effect in this District; (ii) West Marine maintains its principal place of business in this District and each of the Individual Defendants, and Company officers or directors, either resides in this District or has extensive contacts within this District; (iii) a substantial portion of the transactions and wrongs complained of herein, occurred in this District; (iv) most of the relevant documents pertaining to Plaintiff's claims are stored (electronically and otherwise), and evidence exists, in this District; and (v) Defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

8.      Plaintiff is, and has been at all times relevant hereto, a stockholder of West Marine.

9.      Defendant West Marine is a Delaware corporation with its headquarters located at 500 Westridge Drive, Watsonville, California, 95076.   West Marine common stock trades on the NASDAQ under the ticker symbol "WMAR."

10.      Defendant Randolph K. Repass ("Repass") has served as a director of the Company since 1968. Defendant Repass served as Chairman of the Board from 1968 to Mary 2015.

11.      Defendant Barbara L. Rambo ("Rambo") has served as director of the Company since 2009 and serves as Chairman of the Board.

12.      Defendant Matthew L. Hyde ("Hyde") has served as Chief Executive Officer, President, and director of the Company since June 2012.

13.      Defendant Dennis F. Madsen ("Madsen") has served as a director of the Company

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

since 2010.

14.     Defendant James F. Nordstrom, Jr. ("Nordstrom") has served as a director if the Company since 2012.

15.     Defendant Robert D. Olsen ("Olsen") has served as a director of the Company since 2013.

16.     Defendant Alice M. Richter ("Richter") has served as a director of the Company since 2005.

17.     Defendant Christiana Smith Shi ("Shi") has served as a director of the Company since 2011.

18.     Defendants Repass, Rambo, Hyde, Madsen, Nordstrom, Olsen, Richter, and Shi are collectively referred to herein as the "Individual Defendants," and the Individual Defendants are sometimes collectively referred to herein as the "Board."

19.     Defendants West Marine and the Individual Defendants are collectively referred to as the "Defendants."

20.     Nonparty Monomoy is a New York-based private equity fund.  Monomoy has a self-described "sweet spot" investing in carve-outs and family owned businesses, like West Marine with Defendant Repass' 25% ownership.

21.     Nonparty Parent is a Delaware corporation formed for the purpose of effecting the Proposed Transaction.

22.     Nonparty Merger Sub is a Delaware corporation and wholly-owned subsidiary of Parent, formed for the purpose of effecting the Proposed Transaction.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings his claims against the Individual Defendants as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons and entities that own West Marine common stock (the "Class").  Excluded from the Class are Defendants and their affiliates, immediate families, legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

24.     Plaintiff's claim is properly maintainable as a class action under Rule 23 of the Federal

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Rules of Civil Procedure.

25.     The Class is so numerous that joinder of all members is impracticable.   While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through discovery, Plaintiff believes that there are thousands of members in the Class.   As of July 14, 2017, there were approximately 25 million shares of Company common stock issued and outstanding. All members of the Class may be identified from records maintained by West Marine or its transfer agent and may be notified of the pendency of this action by mail, using forms of notice similar to that customarily used in securities class actions.

26.     Questions of law and fact are common to the Class and predominate over questions affecting any individual Class member, including, among *inter alia*:

(a)     Have Defendants solicited stockholder approval of the Proposed Transaction with a materially false, misleading and/or incomplete proxy statement;

(b)     Is the Class entitled to injunctive relief or damages as a result of Defendants' wrongful conduct;

(c)     Whether Defendants have disclosed and will disclose all material facts about the Proposed Transaction to stockholders; and

(d)     Whether Plaintiff and the other members of the Class would be irreparably harmed were the transactions complained of herein consummated.

27.     Plaintiff will fairly and adequately protect the interests of the Class, and has no interests contrary to or in conflict with those of the Class that Plaintiff seeks to represent.   Plaintiff has retained competent counsel experienced in litigation of this nature.

28.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.   Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

29.     Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

30.     West Marine is a leading "waterlife outfitter" for power boaters, sailors, anglers, watersport, and paddlesport enthusiasts.  It operates over 250 retail stores in more than 38 states and Puerto Rico.  The Company also sells directly to domestic, international, and professional customers through its website.  Founded in 1968 by Defendant Repass, the Company is based in the northern California town of Watsonville.

31.     In a press release dated June 29, 2017, the Company announced that it had entered into the Merger Agreement with Parent and Merger Sub, pursuant to which the Company will be acquired by Parent and stockholders will receive $12.97 in cash for each share of West Marine common stock. This represents a total equity value of approximately $338 million.

32.     In relevant part, the press release reads:

WATSONVILLE, Calif., June 29, 2017 (GLOBE NEWSWIRE) -- West Marine, Inc. ("West Marine"), a leading omni-channel specialty retailer exclusively offering boating gear, apparel, footwear and other waterlife-related products, and Monomoy Capital Partners ("Monomoy"), a New York-based private equity fund, announced today that they have executed a definitive merger agreement under which a wholly owned affiliate of Monomoy will acquire all of the outstanding shares of common stock of West Marine at $12.97 per share in cash, which represents a total equity value of $338 million. This price represents a premium of 32% over the 30-day average performance of West Marine's stock price reported on NASDAQ.

"We are excited to be joining forces with Monomoy Capital Partners as we believe it is in the best interests of our stockholders, customers and associates," said Matt Hyde, West Marine's President and CEO. "In addition to providing our stockholders with a significant premium to the current share price, this transaction ensures that West Marine can continue to offer outstanding value to our customers who recreate on the water and provide a rewarding workplace for our associates."

Daniel Collin, Co-Chief Executive Officer of Monomoy Capital Partners, L.P. said: "We are excited to welcome West Marine to the Monomoy portfolio. We have long admired West Marine and the unique value the company provides for its loyal customers and world class associates. We strongly support West Marine's vision for the future, strategic initiatives, and culture. We are excited to invest in and work together with the company's management team to continue to lead the industry."

Company founder and board member, Randy Repass, has entered into a voting agreement whereby he and his affiliated entities over which he has sole or shared voting have agreed to vote shares representing approximately 20% of the Company's voting power in favor of the transaction. Following the close of the transaction, West Marine will be privately held and continue to be operated independently by the Company's management team.

The transaction, which has been unanimously approved by West Marine's Board of

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Directors, is expected to close in the third quarter of this year, subject to West Marine's stockholder approval and other customary closing conditions. Guggenheim Securities, LLC acted as financial advisor, and Sidley Austin LLP acted as legal advisor, to West Marine. Jefferies LLC acted as financial advisor, and Kirkland & Ellis, LLP acted as legal advisor, to Monomoy.

**The Proxy Materially Misleads Stockholders By Omission**

33.     Defendants filed the Proxy with the SEC in connection with the Proposed Transaction. The Proxy omits material information with respect to the process and events leading up to the Proposed Transaction, as well as the financial projections for the Company relied upon by the Company's financial advisor, Guggenheim Securities, LLC ("Guggenheim").   This omitted information renders the Proxy materially misleading.  If disclosed, the omitted information would significantly alter the total mix of information available to West Marine's stockholders.

34.     First, the Proxy discloses three non-GAAP accounting metrics for projected financial information over the years 2017-2021: EBIT, EBITDA, and Unlevered Free Cash Flow.  However, providing these non-GAAP metrics without disclosing the line item metrics used to calculate them, or otherwise reconciling the non-GAAP projections to GAAP measures, makes the provided disclosures materially incomplete and misleading.

35.     The Proxy fails to disclose the line items underlying EBIT, including (i) operating earnings; (ii) stock-based compensation expense; (iii) interest; and (iv) taxes.

36.     The Proxy fails to disclose the line items underlying EBITDA, including (i) operating earnings; (ii) stock-based compensation expense; (iii) interest; (iv) taxes; and (v) depreciation and amortization.

37.     The Proxy fails to disclose the line items underlying unlevered free cash flow, including (i) after-tax unlevered operating cash flow; (ii) capital expenditures; and (iii) changes in working capital.

38.     The Proxy also fails to provide the necessary line items to reconcile these three non-GAAP measures to well-understood GAAP financial metrics.   Non-GAAP measures have no universally understood definition and vary widely between companies depending on the needs of management in promoting their own effect on Company performance.

39.     Because of the non-standardized and potentially manipulative nature of non-GAAP

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

measures, when a company discloses information in a Proxy that includes non-GAAP financial measures, the Company must also disclose comparable GAAP measures and a quantitative reconciliation of forward-looking information.   17 C.F.R. § 244.100.

40.     On May 17, 2016, the SEC's Division of Corporation Finance released updated Compliance and Disclosure Interpretations ("C&DIs") on the use of non-GAAP financial measures. One of the new C&DIs regarding forward-looking information, such as financial projections, explicitly requires companies to provide any reconciling metrics that are available without unreasonable efforts.    S.E.C. Comp. & Disc. Interps., Question 102.07 (May 17, 2016) https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.   The Proxy makes no effort to account for the failure to reconcile these non-GAAP measures to GAAP metrics.

41.     Without disclosure of these reconciling metrics, the Proxy violates SEC regulations and materially misleads West Marine stockholders.

42.     Additionally, the Proxy fails to disclose material information regarding employment negotiations taking place in the lead up to the Merger Agreement.  Monomoy lacks any expertise or knowledge of the Company's water sport retailer operations.  Because of this, the firm intends to retain West Marine senior management and operate the Company as an independent company.

43.     Indeed, the press release announcing the transaction makes this very clear: "Following the close of the transaction, West Marine will be privately held and continue to be operated independently by the Company's management team."

44.     Because of this clear intention to retain senior management, not only does Defendant Hyde had a clear interest during the sales process to ensure a transaction with Monomoy that would maintain his role with the Company, according to the Proxy he stands to make $1,670,890 in the cash out of his vested and unvested options and restricted stock units.

45.     The Proxy materially misleads West Marine stockholders when it states that no employment agreements existed as of the date of the Proxy because it omits facts concerning prior communications between Monomoy and any members of West Marine management regarding post-transaction retention of West Marine's management.  In stating that Company management "may" enter into such agreements in the future, the Proxy gives the impression that no such communications

have taken place. But the fact that the Press Release states that the Company will operate independently under current management indicates such discussions and/or communications have already taken place.

46. The failure to disclose the content and timing of such discussions materially misleads West Marine's stockholders as to the appropriateness of the Board's decision to not conduct any kind of market check with respect to the merger price, and the potential conflicts of interest faced by Company management in supporting the merger.

47. These omissions of material fact represent selective disclosures made by Defendants in the Proxy that significantly alter the total mix of information that Defendants used to market the Proposed Transaction. Defendants have misled investors into believing the Proposed Transaction is fair while refusing to disclose the full picture provided to the Board by its financial advisor.

48. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention

## CLAIMS FOR RELIEF

## COUNT I

**Individual Claims Against All Defendants for Violations of Section 14(a) of the
Securities Exchange Act of 1934**

49. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

50. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that Proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

51. As discussed above, West Marine filed and delivered the Proxy to its stockholders, which Defendants knew or recklessly disregarded contained material omissions and misstatements as set forth above.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

52.     Defendants violated Section 14(a) and Rule 14a-9 of the Exchange Act by issuing the Proxy in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Proposed Transaction.  Defendants knew or recklessly disregarded that the Proxy failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

53.     The Proxy was prepared, reviewed and/or disseminated by Defendants.    It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Proposed Transaction, the intrinsic value of the Company, and potential conflicts of interest faced by certain Individual Defendants.

54.     In so doing, Defendants made untrue statements of material facts and omitted material facts necessary to make the statements that were made not misleading in violation of Section 14(a) and Rule 14a-9 of the Exchange Act.  By virtue of their positions within the Company and/or roles in the process and in the preparation of the Proxy, Defendants were aware of this information and their obligation to disclose this information in the Proxy.

55.     The omissions and incomplete and misleading statements in the Proxy are material in that a reasonable stockholder would consider them important in deciding whether to vote in favor of the Proposed Transaction or seek appraisal.  In addition, a reasonable investor would view the information identified above which has been omitted from the Proxy as altering the "total mix" of information made available to stockholders.

56.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Proxy, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Proxy, rendering certain portions of the Proxy materially incomplete and therefore misleading.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

57.    The misrepresentations and omissions in the Proxy are material to Plaintiff, and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the stockholder vote.

## COUNT II

### Individual Claims Against All Defendants for Violations of Section 20(a) of the 1934 Act Against the Individual Defendants

58.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59.    The Individual Defendants acted as controlling persons of West Marine within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of West Marine and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

60.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

61.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Proxy.

62.    By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

63.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

1  persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and

2  proximate result of the Individual Defendants' conduct, Plaintiff is threatened with irreparable harm.

3                                          **PRAYER FOR RELIEF**

4           **WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally, as

5  follows:

6           (A)      declaring this action to be a class action and certifying Plaintiff as the Class

7  representatives and his counsel as Class counsel;

8           (B)      declaring that the Proxy is materially false or misleading;

9           (C)      enjoining, preliminarily and permanently, the Proposed Transaction;

10          (D)      in the event that the transaction is consummated before the entry of this Court's

11  final judgment, rescinding it or awarding Plaintiff and the Class rescissory damages;

12          (E)      directing that Defendants account to Plaintiff and the other members of the Class

13  for all damages caused by them and account for all profits and any special benefits obtained as a

14  result of their breaches of their fiduciary duties.

15          (F)      awarding Plaintiff the costs of this action, including a reasonable allowance for the

16  fees and expenses of Plaintiff's attorneys and experts; and

17          (G)      granting Plaintiff and the other members of the Class such further relief as the

18  Court deems just and proper.

19                                          **JURY DEMAND**

20          Plaintiff demands a trial by jury.

21

22  Dated: July 31, 2017                              **LEVI & KORSINSKY, LLP**

23                                                    By: */s/ Rosemary M. Rivas*
24                                                        Rosemary M. Rivas
                                                          44 Montgomery Street, Suite 650
25                                                        San Francisco, CA 94104
                                                          Telephone: (415) 291-2420
26                                                        Facsimile: (415) 484-1294

27                                                        Counsel for Individual and Representative
                                                          Plaintiff Daniel Greenberg
28

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

**CERTIFICATION OF PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS**

I, Daniel Greenberg, declare as to the claims asserted under the federal securities laws, as follows:

1. I have reviewed the Complaint and authorized its filing;

2. I did not purchase the securities that are the subject of this Complaint at the direction of Plaintiffs' counsel or in order to participate in this litigation;

3. I am willing to serve as a representative party on behalf of the Class, including providing testimony at deposition and trial, if necessary;

4. As of 7/31/2017 I currently hold 948 shares of West Marine, Inc. and owned said shares prior to the announced transaction;

5. During the three years prior to the date of this Certification, I have not participated, nor have I sought to participate, as a representative in any class action suit in the United States District Courts under the federal securities laws.

6. I have not received, been promised or offered, and will not accept, any form of compensation, directly or indirectly, for prosecuting or serving as a representative party in this class action, except for: (i) such damages or other relief as the Court may award to me as my pro rata share of any recovery or judgment; (ii) such reasonable fees, costs or other payments as the Court expressly approves to be paid to or on behalf of me; or (iii) reimbursement, paid by my attorneys, of actual or reasonable out-of-pocket expenditures incurred directly in connection with the prosecution of this action.

I hereby certify, under penalty of perjury, that the foregoing is true and correct. Executed this 31st day of July, 2017.

Signed:

NAME: Daniel Greenberg